IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>CARLOS MANGUAL-SANTIAGO<br>Defendant | Criminal No. 097-082(SEC) |

## SENTENCING MEMORANDUM

**TO THE HONORABLE SALVADOR E. CASELLAS**
**UNITED STATES SENIOR DISTRICT JUDGE**
**FOR THE DISTRICT OF PUERTO RICO:**

COMES NOW the Defendant Carlos Mangual-Santiago, by and through his court-appointed counsel, the Federal Public Defender, and very respectfully submits the following Sentencing Memorandum to assist this Honorable Court at the Revocation Hearing.

I.    Introduction

On February 18, 1999, the Defendant was sentenced by this Honorable Court to a term of imprisonment of eighty seven (87) months and a term of supervised release of four(4) years on the above-captioned case.

On January 25, 2005, the Defendant commenced his term of supervised release.

On November 8, 2005, the U.S. Probation Office filed as motion requesting the revocation of Mr. Mangual's term of supervised release for violation of several conditions of supervised release that are all related to the commission of new criminal conduct, to wit: possession of a firearm.

On January 10, 2006, the Defendant plead guilty to possession of a firearm. On April 11, 2006, Honorable Chief Judge Fusté sentenced the defendant to the lower end of the applicable guideline range of thirty (30) months.

Criminal No. 97-082(SEC)                                                    2

The defendant has accepted responsibility and extreme remorse for his conduct, and therefore will not be contesting the revocation of his supervised release term.

The defendant presents the foregoing memorandum to assist this Honorable Court in determining a reasonable sentence, and in support of his request that this Honorable Court sentence the defendant to term of imprisonment that will run concurrent with the term of imprisonment imposed for the underlying conduct that supports the revocation proceedings.

II.     Defendant's family ties, family responsibilities and community ties

Upon the defendant's release from confinement on February of 2005, he returned to live with his family at Dr. Pila Housing Project, in Ponce , P.R. After being incarcerated for more than six years, he faced his then 15 and 12 years old children with a feeling of providing and fulfilling their everyday needs. Mr. Mangual was able to secure a job in a store in Ponce Mall, *Vitamins and More,* just five days after his return home. Because he would only earn $160.00 per week, working from 9:00 am to 4:00 p.m., he decided to sell t-shirts, baseball caps, female purses and other goods during his lunch breaks and after 4:00 p.m. His job at *Vitamins and More* allowed him to have contact with prospective buyers. And he went to Barber Shops, Bakeries and Laundromats to sell his merchandise. Over a year, he kept a respectable number of clients, inside and outside of the Housing Project Dr. Pila, where he resided.

All this work had only one purpose, to aid his family. When Mr. Mangual returned home from his incarceration, he found that his kids were sleeping in old smelly beds. The kitchen had very old appliances , and his wife was doing laundry by hand. With much sacrifice, Mr. Mangual was able to buy some furniture, including new beds for his kids, new kitchen appliances, and a washing machine.

During Mr. Mangual's incarceration, his family only income was government assistance. After his return, his wife has been able to attend beauty school while the children go to school. Before Mr. Mangual's current arrest, a typical day in the Mangual's household started with his wife preparing breakfast while Mr. Mangual

Criminal No. 97-082(SEC)                                                              3

prepared his boy's clothing for school. They all had breakfast and then walked together towards the children school. Once Mr. Mangual felt that the road was not too dangerous, he left them with their mother and he returned home. He might take a ride to work or take public transportation. In the afternoon, the kids returned home from school. Mr. Mangual came home around 5:00 p.m. and assisted his children with their homework while his wife prepares dinner. This scenario was witnessed by the probation officer in charge of his supervision on one of her surprise visits to the Defendant's home.  They made it a rule to have dinner together every day, sitting down at the dinner table.

Mr. Mangual's children are nothing of ordinary. Having grown in a housing project, it is remarkable that Susana, his sixteen year old daughter, is a 4.00 point grade average student at Ponce High. She was awarded a scholarship from the Department of Education when she was in sixth grade, and she continues to be a recipient. She has participated in academic competitions island wide, and she has been ranked as number twelve in Puerto Rico by the Department of Education. While on supervised release, Mr. Mangual was able to buy his daughter a computer to assist her in her academic endeavors.

Carlos, the defendant's thirteen year old son and brother to Susana, studies in Pujals Intermediate School in Ponce and has exceeded in sports. He practices and plays baseball, basketball and soccer. He is a member of a baseball league, and was selected to play as reinforcement for *Carribean School*, a private school in Ponce, P.R. Upon the defendant's arrest for the current offense, Carlos left school for a month, out of shame and sadness. But he resumed his education and keeps a grade point average of B.

Although Mr. Mangual' employment allowed him to improve the quality of life of his children and wife, they remain without a motor vehicle. The defendant did not feel that it was a priority to buy a car while that money was needed  for more important things at home.

Criminal No. 97-082(SEC)                                                              4

Mr. Mangual has been planning to move his family out of the housing project for good. His family has saved some money and they plan to move as soon as the defendant is released from confinement.

**Although the defendant resided in Dr. Pila Housing Project in Ponce, PR, up to his arrest, he was not involved in a multi-defendant drug conspiracy that includes Dr. Pila as many other housing projects in the southern region of P.R.**

RESPECTFULLY SUBMITTED.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

In San Juan, Puerto Rico, May 19, 2006.

JOSEPH C. LAWS, JR.
FEDERAL PUBLIC DEFENDER

S/JOANNIE PLAZA-MARTINEZ
Assistant Federal Public Defender
USDC-PR 215604
241 F. D. Roosevelt Avenue
San Juan, PR  00918-2305
Phone No.  (787) 281-4922
Fax No. (787) 281-4899